burns charest llp

**Warren T. Burns**
wburns@burnscharest.com

August 3, 2026

Application granted. The Clerk of Court is hereby respectfully directed to seal the Complaint at Dkt. No. 1.

SO ORDERED.

Hon. Ronnie Abrams
August 4, 2026

**VIA ECF**
Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007

*Re:* ***BKX Services Inc. et al v. HDR Global Trading Limited et al***
**Case No.: 1:26-cv-06259-RA**

Dear Judge Abrams:

Plaintiffs BKX Services Inc. and David Namdar, individually and on behalf of others similarly situated, filed their Class Action Complaint in the above-referenced matter on July 23, 2026. Dkt. No. 1. The Class Action Complaint lists the home addresses of Defendants Samuel Reed and Gregory Dwyer. Dkt. No. 1 ¶¶ 26, 29. Pursuant to Rule 5(A)(iii)(b) of Your Honor's individual rules, Plaintiffs submit this letter-motion to seal the Class Action Complaint (Dkt. No. 1) and replace it with the redacted version.

Under Your Honor's individual rules, home addresses constitute "sensitive information" that may be redacted from public court filings without prior permission from the Court. Rule 5(A)(i). The Class Action Complaint inadvertently listed the home addresses of Defendants Reed and Dwyer. *See* Dkt. No. 1 at ¶¶ 26, 29. Plaintiffs request leave of Court to seal the Class Action Complaint and replace it with a redacted version that lists only the city and state where Defendants Reed and Dwyer reside.

Plaintiffs' redactions are narrowly tailored to protect the defendants' sensitive personal information and are otherwise consistent with the presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (articulating a three-part test for evaluating whether documents submitted to a federal court may be sealed). The Complaint is a judicial document. *See id.* at 119. As such, there is a strong presumption of access. *Id.*; *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (the weight of the presumption is strong for pleadings, such as a complaint).

The defendants' privacy interest in their personally identifiable information, however, outweighs the presumption of access because continued disclosure of this information will "result in an injury sufficiently serious to warrant protection." *Bd. of Trs. of the Agma Health Fund v. Aetna Life Ins. Co.*, No. 24-CV-5168 (RA), 2024 WL 4604618, at *2 (S.D.N.Y. Oct. 28, 2024) (Abrams, J.) (citation omitted). Home addresses "constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike." *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 636 (Bankr. S.D.N.Y. Aug. 4, 2023) (citations omitted). "Typically, sealing of personal information 'such as the applicants' home addresses . . . is warranted unless that information has bearing on issues before the court.'" *Farris v. Avon Prods., Inc.*, No. 23-CV-02023(LAK)(SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024). The defendants' home addresses do not have any bearing on the issues before the Court. Accordingly, sealing the Complaint and filing a copy that partially redacts Defendants Reed and Dwyer's home addresses is narrowly tailored to protect the defendants'

sensitive personal information and is otherwise consistent with the presumption in favor of public access to judicial documents.

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' letter-motion to seal the Class Action Complaint and replace it with the redacted version.

Plaintiffs have met and conferred with Defendants ABS Global Trading Limited and Samuel Reed regarding the scope of this request.[1] Those defendants indicated that they are unopposed to the relief requested herein.

Respectfully,

**BURNS CHAREST LLP**

/s/ Warren T. Burns
___________________________
Warren T. Burns, Partner

cc: All counsel of record (via ECF)

[1] Defendants ABS Global Trading Limited and Samuel Reed have accepted service and are the only defendants Plaintiffs have been in contact with.