burns charest llp

**Warren T. Burns**
wburns@burnscharest.com

August 5, 2026

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
Aug. 18, 2026

**VIA ECF**
Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007

*Re:* ***BKX Services Inc. et al v. HDR Global Trading Limited et al***
**Case No.: 1:26-cv-06259-RA**

Dear Judge Abrams:

Pursuant to Rule 5(A)(iii) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiffs submit this letter-motion respectfully requesting leave to maintain under seal and redact certain documents containing Defendants Samuel Reed and Gregory Dwyer's personal information.

Under Your Honor's Individual Rules, home addresses constitute "sensitive information" that may be redacted from public court filings without prior permission from the Court. Rule 5(A)(i). Several docket entries list the home addresses of Defendants Reed and Dwyer. To protect the privacy interests of these defendants, pursuant to Your Honor's Individual Rules, Plaintiffs respectfully request leave to file redacted versions of the following documents, all of which contain home addresses:

- The Civil Cover Sheet (Dkt. No. 2);
- The Request for Summons as to Defendant Reed (Dkt. No. 10);
- The Request for Summons as to Defendant Dwyer (Dkt. No. 12);
- The Request for Summons as to Defendant Reed (Dkt. No. 19);
- The Request for Summons as to Defendant Dwyer (Dkt. No. 21);
- The Electronic Summons Issued as to Defendant Reed (Dkt. No. 28); and
- The Electronic Summons Issued as to Defendant Dwyer (Dkt. No. 30).

Plaintiffs further request leave to keep under seal the unredacted versions of the above documents.

Pursuant to Rule 5(A)(iii) of Your Honor's Individual Rules, Plaintiffs filed via ECF this letter-motion and copies of the documents listed above with proposed redactions and have filed under seal unredacted copies of these same documents with the proposed redactions highlighted.

Defendants Reed and Dwyer's interest in maintaining the confidentiality of the redacted portions of the filings, specifically their home addresses, outweighs the presumption of full public access to the judicial documents in which that information is contained. *See Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 119–20 (2d Cir. 2006). Judicial documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The defendants' privacy interest in their personally identifiable information outweighs the presumption of access because continued disclosure of this information will "result in an injury sufficiently serious to warrant protection." *Bd. of Trs. of the Agma Health Fund v. Aetna Life Ins. Co.*, No. 24-CV-5168 (RA), 2024 WL 4604618, at *2 (S.D.N.Y. Oct. 28, 2024) (Abrams, J.) (citation omitted). Home addresses "constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike." *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 636 (Bankr. S.D.N.Y. Aug. 4, 2023) (citations omitted). "Typically, sealing of personal information 'such as the applicants' home addresses . . . is warranted unless that information has bearing on issues before the court.'" *Farris v. Avon Prods., Inc.*, No. 23-CV-02023(LAK)(SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024); *see also Robinson v. De Niro*, 19-CV-09156 (LJL), 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (granting motion to seal and redact home addresses because "[i]f this information were publicly disclosed, it could be used to significantly intrude on the personal privacy interests of the persons in this case."); *Brunckhorst v. Bischoff*, 21 Civ. 4362 (JPC), 2024 WL 4276201, at *2 (S.D.N.Y. Sept. 24, 2024) (granting motion to seal or redact documents containing personal contact information "[g]iven this information's lack of relevance to the Court's resolution of the parties' summary judgment motions and the strong privacy interests implicated").

Defendants Reed and Dwyer have a significant interest in preserving the privacy of their personal contact information, which has no bearing on the issues before the Court. For these reasons, Plaintiffs respectfully request that the Court issue an order:

1. Granting the request to redact Defendants Samuel Reed and Gregory Dwyer's home addresses from Dkt. Nos. 2, 10, 12, 19, 21, 28 and 30; and

2. Directing the Clerk of the Court to seal the nonredacted versions of the filings listed above, and to file the redacted versions submitted with this letter.

Plaintiffs met and conferred with Defendants ABS Global Trading Limited and Samuel Reed regarding the scope of this request.[1] Those defendants indicated that they are unopposed to the relief requested herein.

[1] Defendants ABS Global Trading Limited and Samuel Reed have accepted service and are the only defendants Plaintiffs have been in contact with.

Respectfully,

**BURNS CHAREST LLP**

s/ Warren T. Burns

Warren T. Burns, Partner

cc: All counsel of record (via ECF)