**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BKX SERVICES INC. and DAVID NAMDAR, individually and on behalf of others similarly situated,

Plaintiffs,

v.

HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, 100X HOLDINGS LIMITED, SHINE EFFORT INC LIMITED, HDR GLOBAL SERVICES (BERMUDA) LIMITED, ARTHUR HAYES, SAMUEL REED, BENJAMIN DELO, and GREGORY DWYER,

Defendants.

Case No. 1:26-cv-06259

ORAL ARGUMENT REQUESTED

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY DEFENDANTS ABS GLOBAL TRADING LIMITED, SHINE EFFORT INC LIMITED AND SAMUEL REED TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

ARGUMENT ..... 1
I. The Class Claims Are Time-Barred ..... 1
A. American Pipe Tolling Does Not Apply to Subsequent Class Actions ..... 1
B. Plaintiffs Have Not Been Diligent and the Court Should Not Grant Tolling ..... 3
II. Plaintiffs Cannot Rely on *Lee* to Meet the Pleading Standard ..... 3
III. Plaintiffs Fail to Allege A Cognizable Replevin Claim ..... 7
IV. Plaintiffs Fail to Allege A Cognizable Fraud Claim ..... 8
A. Plaintiffs Fail to Allege the Fraudulent Omissions With Particularity ..... 8
B. Plaintiffs Fail to Plead Reliance ..... 9
C. Plaintiffs Fail to Plead Causation ..... 10
V. Plaintiffs Do Not Plead Facts Sufficient to Establish Personal Jurisdiction Over Shine Effort ..... 11
VI. The Court Should Not Grant Plaintiffs Leave to Amend Their Complaint ..... 12
CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*380544 Canada, Inc. v. Aspen Tech., Inc.*,
544 F.Supp. 2d 199 (S.D.N.Y. 2008) ....7

*ALP, Inc. v. Moskowitz*,
167 N.Y.S.3d 45 (1st Dep't 2022) ....7

*Amorosa v. Gen. Elec. Co.*,
No. 21-cv-3137-JMF, 2024 WL 552398 (S.D.N.Y. Feb. 12, 2024) ....7

*Baliga v. Link Motion, Inc.*,
No. 18-cv-11642-VM, 2025 WL 3022262 (S.D.N.Y. Oct. 29, 2025) ....9

*Baliga v. Link Motion Inc.*,
No. 18-cv-11642-VM-VF, 2025 WL 1908379 (S.D.N.Y. June 9, 2025), *report and recommendation adopted*, No. 18-cv-11642-VM, 2025 WL 3022262 (S.D.N.Y. Oct. 29, 2025)....9–10

*Bermudez Chavez v. Occidental Chem. Corp.*,
35 N.Y.3d 492 (2020) ....1, 2, 3

*Blake v. JP Morgan Chase Bank NA*,
927 F.3d 701 (3d Cir. 2019) ....2

*Caiafa v. Sea Containers Ltd.*,
525 F.Supp. 2d 398 (S.D.N.Y. 2007) ....4–5

*Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc.*,
582 U.S. 497 (2017) ....3

*Chirag v. MT Marida Marguerite Schiffahrts*,
604 F. App'x 16 (2d Cir. 2015) ....11

*de la Fuente v. DCI Telecommunications, Inc.*,
259 F.Supp. 2d 250 (S.D.N.Y. 2003)....5

*Doe v. Del. State Police*,
939 F.Supp. 2d 313 (S.D.N.Y. 2013) ....12

*Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*,
343 F.3d 189 (2d Cir. 2003) ....10

*Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*,
165 F.Supp. 2d 615 (S.D.N.Y. 2001)....................10

*Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*,
No. 1:20-cv-10699-MKV, 2021 WL 2075586 (S.D.N.Y. May 24, 2021) ....................12

*Equitable Life Assur. Soc. of U.S. v. Branch*,
302 N.Y.S.2d 958 (1969) ....................7

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
No. 09-cv-4050-PKC, 2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010) ....................5

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC.*,
376 F.Supp. 2d 385 (S.D.N.Y. 2005), *as amended* (July 6, 2005) ....................5

*Hanson v. Frazer, LLP*,
No. 12-cv-3166-JSR, 2015 WL 4561707 (S.D.N.Y. July 17, 2015) ....................6

*Heckl v. Walsh*,
996 N.Y.S.2d 413 (4th Dep't 2014) ....................7

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
298 F.R.D. 116 (S.D.N.Y. 2014) ....................6

*HSH Nordbank AG v. RBS Holdings USA Inc.*,
No. 13-cv-3303-PGG, 2015 WL 1307189 (S.D.N.Y. Mar. 23, 2015) ....................5

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
851 F.Supp. 2d 746 (S.D.N.Y. 2012)....................5

*In re Celexa and Lexapro Mktg. & Sales Pracs. Litig.*,
915 F.3d 1 (1st Cir. 2019) ....................2

*In re CRM Holdings, Ltd. Sec. Litig.*,
No. 10-cv-975-RPP, 2012 WL 1646888 (S.D.N.Y. May 10, 2012) ....................4

*In re Fannie Mae 2008 Sec. Litig.*,
891 F.Supp. 2d 458 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013)....................5

*In re Fyre Festival Litig.*,
399 F.Supp. 3d 203 (S.D.N.Y. 2019) ....................9

*In re Lehman Bros. Sec. & Erisa Litig.*,
No. 09-md-2017-LAK, 2013 WL 3989066 (S.D.N.Y. July 31, 2013) ....................6–7

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
218 F.R.D. 76 (S.D.N.Y. 2003) ....................5

*In re Mylan N.V. Sec. Litig.*,
379 F.Supp. 3d 198 (S.D.N.Y. 2019)......5

*In re OSG Sec. Litig.*,
12 F.Supp. 3d 619 (S.D.N.Y. 2014)......5

*Janbay v. Canadian Solar, Inc.*,
No. 10-cv-4430-RWS, 2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012) ......4

*Lipsky v. Commonwealth United Corp.*,
551 F.2d 887 (2d Cir. 1976) ......4

*Low v. Robb*,
No. 11-cv-2321-JPO, 2012 WL 173472 (S.D.N.Y. Jan. 20, 2012) ......5

*Mahdi v. Midland Credit Mgmt., Inc.*,
No. 25-cv-6211-RA, 2026 WL 867011 (S.D.N.Y. Mar. 30, 2026) ......11–12

*Major Energy Elec. Servs., LLC v. Horowitz*,
No. 19-cv-10431-NRB, 2020 WL 4432121 (S.D.N.Y. July 31, 2020) ......5

*Porat v. Lincoln Towers Cmty. Ass'n*,
464 F.3d 274 (2d Cir. 2006)......12

*RSM Prod. Corp. v. Fridman*,
643 F.Supp. 2d 382 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) ......5

*Rubino v. HSBC Bank USA, N.A.*,
250 A.D.3d 673 (N.Y. 1st Dep't 2026) ......1

*SEC v. Lee*,
720 F.Supp. 2d 305 (S.D.N.Y. 2010)......5

*Smit v. Isiklar Holding A.S.*,
354 F.Supp. 2d 260 (S.D.N.Y. 2005) ......12

*Strougo v. Barclays PLC*,
105 F.Supp. 3d 330 (S.D.N.Y. 2015)......5

*Sullivan v. Walker Constr., Inc.*,
No. 18-cv-09870-AJN, 2019 WL 2008882 (S.D.N.Y. May 7, 2019) ......12

*VNB Realty, Inc. v. Bank of Am. Corp.*,
No. 11-cv-6805-DLC, 2013 WL 5179197 (S.D.N.Y. Sept. 16, 2013) ......6

*Wilson v. Comtech Telecommunications Corp.*,
648 F.2d 88 (2d Cir. 1981) ....................9

*Youngers v. Virtus Inv. Partners Inc.*,
195 F.Supp. 3d 499 (S.D.N.Y. 2016)....................5

**Statutes and Rules**

Fed. R. Civ. P. 11 ....................6

Fed. R. Civ. P. 12(f)....................5

N.Y. C.P.L.R. Art. 9 ....................3

**Other Authorities**

Jorrit Zwijnenburg et al., *F.18 The Recording of Fungible Crypto Assets in Macroeconomic Statistics*, Financial & Payments Systems Task Team, International Monetary Fund (Nov. 2024)....................7–8

Defendants ABS Global Trading Limited ("ABS"), Shine Effort Inc Limited ("Shine Effort"), and Samuel Reed respectfully submit this reply memorandum of law in support of their motion to dismiss the Complaint.[1]

## ARGUMENT

### I. The Class Claims Are Time-Barred

#### A. American Pipe Tolling Does Not Apply to Subsequent Class Actions

As set out in our opening brief, the question before the Court is whether, balancing the interests of finality and fairness served by statutes of limitation against the efficiency and economy of class action procedures, equitable tolling under *American Pipe* (as recognized by the New York Court of Appeals in *Bermudez Chavez v. Occidental Chem. Corp.*, 35 N.Y.3d 492 (2020)), should apply to subsequent class actions such as this one. The only applicable precedent in New York says "no," the Court of Appeals clearly will look to the U.S. Supreme Court's precedents for guidance as and when the question comes to it, and *China Agritech* and the federal cases construing it lead to the conclusion that New York will not allow tolling for this subsequent class action.

Only one New York court has confronted the question whether to apply *American Pipe* tolling to a subsequent class action after *China Agritech* and *Bermudez Chavez*, and that court refused to do so, citing *Bermudez Chavez*'s citation to *China Agritech* and relying on the voluntary dismissal of the first class action. *See Rubino v. HSBC Bank USA, N.A.*, 250 A.D.3d 673 (N.Y. 1st Dep't 2026). The First Department thus agrees with the First and Third Circuits' reading of *China Agritech* as barring tolling for any subsequent class action, regardless of a

---

[1] Citations to the Memorandum of Law in Support of Motion by ABS, Shine Effort, and Samuel Reed to Dismiss the Complaint (ECF No. 54) are shown as "Mem." and to the Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 76) as "Opp." Other abbreviations conform to those used in Defendants' Memorandum of Law.

definitive ruling on class certification. *See In re Celexa and Lexapro Mktg. & Sales Pracs. Litig.*, 915 F.3d 1, 16–17 (1st Cir. 2019) (refusing to toll the limitations period for a successive class action where the first class action ended with no ruling on class certification); *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 709 (3d Cir. 2019) (declining to allow tolling for a successive class action where the first class action was dismissed as untimely, rather than a ruling on class certification, explaining that "*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period."). Plaintiffs complain that the *Rubino* opinion is terse, but the opinion cited to the Court of Appeals' citation to *China Agritech*, and it is hard to see what "other decision" the First Department should have cited. (Opp. at 8).

The other state court cases relied on by Plaintiffs pre-date *Bermudez Chavez* and do not confront the policy balance driving the analysis in *China Agritech*, and therefore they are of no moment.

The Court of Appeals has not decided the question before this Court, but it has explained that "the same animating policies the United States Supreme Court discussed in *American Pipe* and its progeny also underlie [the class action procedures in] article 9," *Bermudez Chavez*, 35 N.Y.3d at 504, and so the question is precisely the one we addressed in our opening brief: how do the policy concerns articulated in *China Agritech* apply here where the first class action was voluntarily dismissed? Where the Court of Appeals has not addressed the question, where it has looked to the U.S. Supreme Court for guidance on the policy questions surrounding the interplay between statutes of limitation and the efficiency of class action procedural rules, and where the only N.Y. court to address the question in light of *Bermudez Chavez* has decided that tolling does not apply for subsequent class actions in our procedural posture, it is clear that the Court of Appeals would reach the same conclusion, for the policy reasons we have addressed in our

opening brief.

**B. <u>Plaintiffs Have Not Been Diligent and the Court Should Not Grant Tolling</u>**

Plaintiffs appear to misunderstand defendants' diligence and equitable tolling argument. To start, *American Pipe* tolling is equitable tolling. *Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 509 (2017). We accept that *Bermudez Chavez* described the cross-jurisdictional tolling it recognized as based on "legislative design," 35 N.Y.3d at 505, but the court recognized tolling based on a legislative design that said nothing at all about tolling, just as the Supreme Court did in *ANZ Securities*. *See* C.P.L.R. Article 9; *ANZ Sec., Inc.,* 582 U.S. at 509. And where the essential question is whether to extend tolling to this class, if the Court concludes that the application of *American Pipe* principles after *China Agritech* on these procedural facts is unclear, then the lack of diligence by these Plaintiffs is relevant because their request is for an extension of the equitable tolling otherwise recognized by *American Pipe*.

Plaintiffs have not denied the connection we detailed for the Court between plaintiffs who brought the same allegations against the same defendants in California in 2021 and plaintiff BKX Services Inc. in this action. (Mem. at 12). Those who own or control BKX Services brought essentially the same suit five years ago, it was dismissed over their objection, and then they did nothing to pursue their claims further or offer their assistance to the court overseeing the *Lee* class action. *American Pipe* allows BKX to bring individual claims if it was within the prior class. Where it seeks leave to bring the subsequent action on behalf of a class, its lack of diligence should count against that relief.

## II. Plaintiffs Cannot Rely on *Lee* to Meet the Pleading Standard

Plaintiffs attempt to defend their sparse Complaint by relying on the *Lee* complaint they attached to their own. (*See* Opp. at 18 & n.9). But Plaintiffs cannot rely on the *Lee* complaint to meet their pleading obligations under Rules 8, 9(b), or 11, especially where plaintiffs in that case

voluntarily dismissed the complaint after years of litigation and after the conclusion of document and written discovery.

The weight of the authority in this Circuit directs that where, as here, a plaintiff seeks to rely on another civil litigant's unadjudicated complaint, without independent verification, the plaintiff cannot do so. First, the Second Circuit's ruling in *Lipsky v. Commonwealth United Corp.* that "neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings" means that Plaintiffs cannot rely on *Lee* to pass the 12(b) stage. 551 F.2d 887, 893 (2d Cir. 1976). In *Lipsky*, the Circuit affirmed the dismissal of an amended complaint that included as exhibits an SEC complaint and resulting consent decree. *Id.* at 893–94. The court held that the complaint could not "be cited in the pleadings" because there was no adjudication on the merits of the claims. *Id.* The court opined that while the complaint might later be admissible, it did "not agree that it necessarily follows that [the] complaint is appropriately within the pleadings." *Id.* at 894.

Since *Lipsky*, courts in this district have granted a motion to dismiss fraud claims where the plaintiff tried to rely on other actions' complaints to defeat a 12(b)(6) motion. *See, e.g., In re CRM Holdings, Ltd. Sec. Litig.*, No. 10-cv-975-RPP, 2012 WL 1646888, at *26 (S.D.N.Y. May 10, 2012) (finding that "unproven allegations" contained in the other complaints did "not constitute factual allegations" and therefore the plaintiffs could not rely on those complaints "as evidence of the alleged fraud."); *Janbay v. Canadian Solar, Inc.*, No. 10-cv-4430-RWS, 2012 WL 1080306, at *5 (S.D.N.Y. Mar. 30, 2012) ("[a]llegations contained in the complaint of an unrelated matter . . . cannot establish the particularized facts necessary to support this securities fraud claim."); *Caiafa v. Sea Containers Ltd.*, 525 F.Supp. 2d 398, 411 (S.D.N.Y. 2007)

(plaintiffs cannot use allegations from other lawsuit to meet particularity elements).[2] And courts in this district routinely strike from the pleading the inclusion of any other parties' complaint as "immaterial" to the action. *See, e.g., Low v. Robb*, No. 11-cv-2321-JPO, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09-cv-4050-PKC, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010); *RSM Prod. Corp. v. Fridman*, 643 F.Supp. 2d 382, 403 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78–79 (S.D.N.Y. 2003).[3] This is particularly so where, as here, the former complaint was voluntarily dismissed pre-trial, following years of discovery and litigation. *See, e.g., RSM Prod. Corp.*, 643 F.Supp. 2d at 403 ("Second Circuit case law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed.R.Civ.P. 12(f).")

---

[2] The cases where courts have allowed reliance on other complaints are distinguishable. *See, e.g., Major Energy Elec. Servs., LLC v. Horowitz*, No. 19-cv-10431-NRB, 2020 WL 4432121, at *8 (S.D.N.Y. July 31, 2020) (plaintiff can rely on facts that were, unlike here, collected by the government following an investigation); *In re Mylan N.V. Sec. Litig.*, 379 F.Supp. 3d 198, 215 (S.D.N.Y. 2019) (allowing "borrow[ing]" from regulatory complaint where, unlike here, the allegations were "the result of a government investigation, and were verified by Plaintiffs' counsel in this case."); *Youngers v. Virtus Inv. Partners Inc.*, 195 F.Supp. 3d 499, 516 n.10 (S.D.N.Y. 2016) (allowing inclusion of statements from class action that settled while summary judgment motion was pending); *Strougo v. Barclays PLC*, 105 F.Supp. 3d 330, 343 (S.D.N.Y. 2015) (allowing reliance on government complaint following investigation); *In re Fannie Mae 2008 Sec. Litig.*, 891 F.Supp. 2d 458, 471 (S.D.N.Y. 2012), *aff'd,* 525 F. App'x 16 (2d Cir. 2013) (allowing reliance on SEC complaint that was independently supported by evidence and was at issue in other complaints that were dismissed); *SEC v. Lee*, 720 F.Supp. 2d 305, 340 (S.D.N.Y. 2010) (allowing plaintiffs to rely on regulator complaint where plaintiffs do not solely rely on prior complaints' allegations); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC.*, 376 F.Supp. 2d 385, 394–96 & n.67 (S.D.N.Y. 2005), *as amended* (July 6, 2005) (allowing allegations on "information and belief" supported by SEC complaint); *de la Fuente v. DCI Telecommunications, Inc.*, 259 F.Supp. 2d 250, 259–60 (S.D.N.Y. 2003) (allowing copying of SEC complaint where plaintiff "state[d] that every allegation in the complaint was verified by plaintiff's counsel through independent investigation").

[3] The cases where courts have declined to follow *Lipsky* are distinguishable. *See, e.g.*, *HSH Nordbank AG v. RBS Holdings USA Inc*., No. 13-cv-3303-PGG, 2015 WL 1307189, at *4 (S.D.N.Y. Mar. 23, 2015) (refusing to strike certain complaint paragraphs citing other complaints); *In re OSG Sec. Litig.*, 12 F.Supp. 3d 619, 622 (S.D.N.Y. 2014) (allowing amendment to plead facts from motion in another action on "information and belief" subject to discovery); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F.Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) (commenting that "nothing rides on how much weight the Court gives the sections of the TAC that rely on other parties' pleadings" where the complaint already contained sufficient allegations).

In determining whether to allow inclusion of another actions' allegations in a complaint, courts also consider counsel's obligations under Rule 11, including whether counsel has independently verified the allegations raised in the complaint. "[U]nless the plaintiff citing another party's complaint has independent knowledge of the truth of the allegations, they add nothing." *Hanson v. Frazer, LLP*, No. 12-cv-3166-JSR, 2015 WL 4561707, at *3 (S.D.N.Y. July 17, 2015) (internal citation omitted). Indeed, in *Homeward Residential, Inc. v. Sand Canyon Corp.* cited by Plaintiffs, Judge Torres allowed reliance on another complaint, finding that "Rule 11 seems to allow incorporation of allegations from other complaints *if they are combined with material the plaintiff has investigated personally* that lend credence to the borrowed allegations." 298 F.R.D. 116, 126 (S.D.N.Y. 2014) (emphasis added). But here Plaintiffs concede that they "plead no new factual basis in their Complaint; their Complaint involves the same evidence, memories, and witnesses as *Lee*." (Opp. at 4). The *Lee* complaint alleged significant investigation by counsel and consultation with witnesses. (*See* ECF No. 1-1 at 1 ("Plaintiffs' allegations are based upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiffs' attorneys, *which included, among other things, expert analysis of publicly disclosed reports and information about Defendants and conversations with former BitMEX employees*.") (emphasis added); *e.g.,* ECF No. 1-1 ¶¶ 3, 114, 115, 124, 128, 135, 174, 183). Where, as here, the other complaint relies on witnesses, courts in this district refuse to allow inclusion of that other complaint absent independent verification of the witness's claims. *See, e.g., VNB Realty, Inc. v. Bank of Am. Corp.*, No. 11-cv-6805-DLC, 2013 WL 5179197, at *7 (S.D.N.Y. Sept. 16, 2013); *In re Lehman Bros. Sec. & Erisa Litig.*, No. 09-md-2017-LAK, 2013 WL 3989066, at *4 (S.D.N.Y. July 31, 2013) ("There is no suggestion that counsel in this action

has spoken with these confidential witnesses or even knows who they are."); *see also Amorosa v. Gen. Elec. Co.*, No. 21-cv-3137-JMF, 2024 WL 552398, at *2 (S.D.N.Y. Feb. 12, 2024) (denying sanctions but stating that "the strongest argument for sanctions is Amorosa's 'wholesale copying' of allegations 'from the operative complaint in the Class Action,' including allegations drawn from confidential witnesses with whom Amorosa had never spoken," which violated Rule 11 obligations) (internal citation omitted); *380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F.Supp. 2d 199, 225 (S.D.N.Y. 2008) (allowing reliance on other complaint where informants were "identified with sufficient particularity"). Here, Plaintiffs have not alleged any independent analysis of the facts underlying the *Lee* complaint. That is insufficient under Rule 11, and the Court should disregard the *Lee* complaint.

## III. Plaintiffs Fail to Allege A Cognizable Replevin Claim

Plaintiffs' claim for replevin fails because Plaintiffs have not, and cannot, specifically identify the bitcoin at issue. Plaintiffs claim that "bitcoin, by its nature, is specifically identifiable on the blockchain by its transaction history and unique public key." (Opp. at 14). U.S. dollars are also trackable through bank and wire transfer records, and each dollar has a serial number, but New York does not recognize trackability of such transfers as sufficient to support a claim for replevin, which requires "identifiable bills or coins." *Heckl v. Walsh*, 996 N.Y.S.2d 413, 416 (4th Dep't 2014); *see also ALP, Inc. v. Moskowitz*, 167 N.Y.S.3d 45, 53 (1st Dep't 2022) (no replevin claim for "ordinary currency") (internal citation omitted); *Equitable Life Assur. Soc. of U.S. v. Branch*, 302 N.Y.S.2d 958, 960 (1969) ("monies on deposit in the joint bank account . . . are not specifically identifiable."). Bitcoin movements on the blockchain are trackable, but bitcoins themselves do not have serial numbers and are not specifically identifiable—bitcoin is fungible. Jorrit Zwijnenburget et al., *F.18 The Recording of Fungible Crypto Assets in Macroeconomic Statistics*, Financial & Payments Systems Task Team,

International Monetary Fund (Nov. 2024) (using bitcoin as the example of a fungible asset because each bitcoin is "divisible and not unique."). Plaintiffs' cases interpreting Florida and Georgia conversion law are immaterial to the question of whether under New York law a claim for replevin lies here.

## IV. Plaintiffs Fail to Allege A Cognizable Fraud Claim

### A. <u>Plaintiffs Fail to Allege the Fraudulent Omissions With Particularity</u>

Plaintiffs acknowledge that group pleading is insufficient to satisfy Rule 9(b). (Opp. at 18). Plaintiffs claim, however, that "[t]he conduct the Complaint attributes to 'BitMEX' is the conduct of the enterprise Defendants operated together" and that "the Complaint also explains each Defendant's role within that enterprise." (*Id.*). But Plaintiffs fail to allege the role ABS, Shine Effort, or Mr. Reed played in the alleged fraud.

Plaintiffs allege only one paragraph about each of defendants ABS and Shine Effort, and allege only the types of work in which their employees engaged. (Opp. at 18–19 (citing Compl. ¶¶ 20–21)). But this does not allege the role either defendant played in the resulting omissions of which Plaintiffs complain. Plaintiffs have not alleged what role ABS and Shine Effort played within the "enterprise," much less what role they allegedly played in the fraud.

As to Mr. Reed, Plaintiffs cite only two paragraphs of the Complaint, alleging he was Chief Technology Officer and co-founder of HDR and ABS, controlled BitMEX, and that certain key trading decisions required "Founder" approval. (Opp. at 19 (citing Compl. ¶¶ 26, 28)). Not one of those allegations explains the role Plaintiffs allege that Mr. Reed played in the fraud.

Finally, as to Reference Exchanges, Plaintiffs simply refer the Court to the *Lee* complaint. That's insufficient. *See supra* § II.

**B. <u>Plaintiffs Fail to Plead Reliance</u>**

Plaintiffs argue that they need not plead reliance on any statement in an "omissions" case. But they have alleged "omissions and half-truths" (Compl. ¶ 107) and explain that "the four statements [in Compl. ¶¶ 98–101] demonstrate the basis for BitMEX's duty to speak." (Opp. at 21). An omissions claim, where the duty to speak is based on prior statements, is a claim based on statements. *Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88, 93 (2d Cir. 1981) ("[A]n omission to state a material fact relates back to an earlier statement, and if it is reasonable to think that that prior statement still stands, then the omission may also be termed a misrepresentation."). As a result, Plaintiffs must at least allege that they saw or read the alleged misstatements. *See In re Fyre Festival Litig.*, 399 F.Supp. 3d 203, 216–17 (S.D.N.Y. 2019) (reliance was not pled where plaintiffs failed to allege that they "saw, read, or otherwise noticed" the misstatement).

Plaintiffs' Opposition underscores Plaintiffs' failure to allege which specific actions Plaintiffs took in reliance. Plaintiffs argue that they have pled reliance because they entered trades on the BitMEX platform and would not have traded had they known the omitted facts. (Opp. at 22). Plaintiffs also argue that they have alleged that "they entered positions on BitMEX in reliance on Defendant's omissions," and that "reliance attaches to each position Plaintiffs opened and funded, not merely to the day they opened their accounts." (*Id.*). But Plaintiffs fail to specify which particular omitted fact caused them to trade or to enter into a position. *Baliga v. Link Motion, Inc.*, No. 18-cv-11642-VM, 2025 WL 3022262, at *4 (S.D.N.Y. Oct. 29, 2025); *see, e.g., Baliga v. Link Motion Inc.*, No. 18-cv-11642-VM-VF, 2025 WL 1908379, at *8 (S.D.N.Y. June 9, 2025), *report and recommendation adopted*, No. 18-cv-11642-VM, 2025 WL 3022262 (S.D.N.Y. Oct. 29, 2025) ("a plaintiff must identify the alleged misstatement or omission relied

on at the time of purchase.”).

**C. <u>Plaintiffs Fail to Plead Causation</u>**

Plaintiffs’ Opposition devotes four and a half pages to their causation argument but fails to point to any allegation in their Complaint that suggests a particular omitted fact caused a particular liquidation.

To plead causal link or loss causation, Plaintiffs must “demonstrate a causal connection between the content of the alleged misstatements or omissions and ‘the harm actually suffered.’” *Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 199 (2d Cir. 2003) (internal citation omitted); *see also Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 165 F.Supp. 2d 615, 625 (S.D.N.Y. 2001) (“the plaintiff must establish a causal connection between the omission and the injury.”). Plaintiffs cite *Emergent Cap. Inv. Mgmt, LLC* affirmatively. (Opp. at 24–25). Plaintiffs claim that rather than tie their harm to the alleged omissions, they need only allege that the “subject of Defendants’ fraud,” not the omission, caused their harm. (Opp. at 25). That is not supported by *Emergent*. But even if that was the relevant standard, Plaintiffs have failed to meet it. Plaintiffs argue that they sufficiently allege that “the subject of Defendants’ fraud (a trading desk that was not restricted by the lockouts and traded against customers using their liquidation points) is the cause of the loss Plaintiffs allege (Defendants’ liquidation of their positions and seizure of their bitcoin.).” (*Id.*). Plaintiffs go on to describe two allegations in their Complaint: that the market-making desk traded against BitMEX customers and forced liquidations. (*See id.* (citing Compl. ¶¶ 5–6, 8–10, 16, 18, 43, 45, 47–48, 53, 55–58, 96(d)–(f))). But those seventeen paragraphs of the Complaint fail to allege that the market-making desk traded against *Plaintiffs*. Nor do they allege that *Plaintiffs* were ever locked out of the platform. Nor do they allege that any of *Plaintiffs’* liquidations were caused by the

market-making desk trading against them or during a lock-out. They therefore have not alleged causation.

## V. Plaintiffs Do Not Plead Facts Sufficient to Establish Personal Jurisdiction Over Shine Effort

Any exercise of personal jurisdiction over Shine Effort does not comport with due process because Plaintiffs have not alleged any minimum contacts with New York State. In their Opposition, Plaintiffs rely on the *Lee* complaint, not their own allegations, in an attempt to establish contacts with New York. (*See* Opp. at 28–30). As described in § II above, Plaintiffs cannot rely on the *Lee* complaint as a substitute for their own.

Plaintiffs do not connect their generalized allegations about "BitMEX" and Greg Dwyer to Shine Effort, and the only evidence before the Court about Shine Effort establishes that "Shine Effort has never done business and does not currently do business in New York," that Shine Effort has never owned or leased property in New York, that Shine Effort has never had an office in New York and has never had any New York employees. (September 28, 2026 Wilkinson Declaration, ¶¶ 6–9, ECF No. 55). As relevant to Plaintiffs' allegations, while Shine Effort did maintain a market making desk to provide liquidity on the BitMEX platform, that desk and its traders were located in Hong Kong. *See* October 20, 2026 Peter Wilkinson Declaration in Further Support of Shine Effort's Motion to Dismiss Pursuant to Rule 12(b)(2) at ¶¶ 4–5.

Plaintiffs' request for jurisdictional discovery should be denied as Plaintiffs have not "establish[ed] a *prima facie* case that the district court has jurisdiction." *Mahdi v. Midland Credit Mgmt., Inc.*, No. 25-cv-6211-RA, 2026 WL 867011, at *5 (S.D.N.Y. Mar. 30, 2026) (quoting *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 18–19 (2d Cir. 2015)). Plaintiffs' Complaint makes no effort to connect Shine Effort to New York, and "[t]he Court need 'not draw argumentative inferences in favor of a plaintiff who has failed to allege even bare

facts' establishing that jurisdiction is proper." *Mahdi*, No. 25-cv-6211-RA, 2026 WL 867011, at *5 (quoting *Smit v. Isiklar Holding A.S.*, 354 F.Supp. 2d 260, 263–64 (S.D.N.Y. 2005)). Plaintiffs' conclusory assertions are not sufficient to merit jurisdictional discovery. *Sullivan v. Walker Constr., Inc.*, No. 18-cv-09870-AJN, 2019 WL 2008882, at *3 (S.D.N.Y. May 7, 2019) (citing *Doe v. Del. State Police*, 939 F.Supp. 2d 313, 333 n.11 (S.D.N.Y. 2013)) ("if Plaintiff's allegations are too conclusory, nonspecific, or otherwise inadequate, they will 'not merit jurisdiction-related discovery.'"). Further, Mr. Wilkinson's declarations already address the issues about which Plaintiffs request discovery. (*See* Opp. at 31–32).

## VI. The Court Should Not Grant Plaintiffs Leave to Amend Their Complaint

Plaintiffs' informal request for leave to amend the Complaint should be denied. Courts in this district are free to deny leave to amend where, as here, a plaintiff makes only an informal request for leave to amend in their opposition papers, fails to attach a proposed amended complaint and redline, and fails to identify the categories of allegations that Plaintiffs would propose to amend. (*See* Compl. ¶ 32). *See, e.g., Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 1:20-cv-10699-MKV, 2021 WL 2075586, at *2 n.2 (S.D.N.Y. May 24, 2021) ("The Court implicitly denied Plaintiff's earlier, informal request for leave to amend, which was buried in its response to Defendant's pre-motion letter and did not include a proposed amended complaint or adequately elaborate on the proposed amendments."); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("It would be a mistake to construe *Ronzani* [*v. Sanofi S.A.*, 899 F.2d 195 (2d Cir. 1990)] as establishing a broad rule to the effect that, in the case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading.").

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Defendants' opening brief, Defendants respectfully request that the Complaint be dismissed in its entirety.

Dated: October 20, 2026
New York, New York

Respectfully submitted,

**ESSEKS INGOGLIA**

By: */s/ David C. Esseks*

David C. Esseks
Rebecca Ann Cecchini
Megan Sharkey
350 Fifth Avenue, Suite 5310
New York, NY 10118

*Attorneys for Defendants ABS Global Trading Limited, Shine Effort Inc Limited, and Samuel Reed*

**Local Civil Rule 7.1(c) Certification**

Pursuant to SDNY Local Rule 7.1(c) and Rule 4.A of Your Honor's Individual Rules & Practices in Civil Cases, I hereby certify that this memorandum of law, excluding the parts of the document exempted by the rules, contains 4,138 words according to the word count of Microsoft Word.

*/s/ David C. Esseks*
David C. Esseks